

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2008

# Parfenova v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4232

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Parfenova v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1050.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1050

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4232

———

TATYANA PARFENOVA; LIYA AKHMADOVA,
Petitioners

v.

ATTORNEY GENERAL USA,
Respondent

———

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A77-844-520
Immigration Judge: R. K. Malloy

———

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2008

———

Before: BARRY, STAPLETON, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>

(Opinion Filed: June 6, 2008)

———

OPINION

———

———

[*] Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

BARRY, <u>Circuit Judge</u>

Petitioner Tatyana Parfenova is an ethnic Russian and a native of Azerbaijan; she is also a member of the Russian Orthodox Christian church. Parfenova sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on her own behalf and on behalf of her daughter on the grounds that they were persecuted in Azerbaijan because of Parfenova's Russian ethnicity, her practice of Christianity, her marriage to a Muslim man, and her involvement with a humanitarian group that spoke out against ethnic strife between Azerbaijanis and Russians. Parfenova petitions for review of an order of the Board of Immigration Appeals ("BIA") that affirmed a decision of an immigration judge ("IJ") denying her claims for relief. For the following reasons, we will deny the petition.[1]

## I.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA affirms the IJ's holding without opinion, we review the opinion of the IJ. *Szehinskyj v. Atty. Gen.*, 432 F.3d 253, 254-55 (3d Cir. 2005). We review an adverse credibility determination for substantial evidence. Under this standard, an adverse credibility finding "'can only be reversed if the evidence is such that a reasonable factfinder would be compelled to conclude otherwise.'" *Myat Thu v. Atty. Gen.*, 510 F.3d 405, 412 (3d Cir. 2007) (quoting *Chavarria v. Gonzalez,* 446 F.3d 508,

---

[1] Because we write solely for the parties, we discuss only those facts relevant to our analysis.

515 (3d Cir. 2006)).

## II.

The Attorney General may grant asylum to an alien who demonstrates that he or she is a "refugee," *see* 8 U.S.C. § 1158(b), that is, an alien unable to return to his or her country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," *id.* § 1101(a)(42)(A); *Myat Thu*, 510 F.3d at 412-13. An alien seeking relief in the form of withholding of removal bears the burden of demonstrating that it is more likely than not that his or her life or freedom would be threatened upon return to his or her home country on account of race, religion, nationality, membership in a particular social group, or political opinion. *Kaita v. Atty. Gen.*, 522 F.3d 288, 296 (3d Cir. 2008). An alien's demonstration of past persecution on account of one of the five statutorily-protected grounds creates a rebuttable presumption of future persecution. 8 C.F.R. § 1208.16(b)(1)(i).[2]

## III.

In her asylum application, Parfenova sought relief based on persecution because of her ethnicity, her religion, and her marriage to a Muslim. She reaffirmed these bases for relief during her "Assessment to Refer" before an immigration officer. About two weeks

---

[2] Parfenova does not argue on appeal that the IJ erred in denying her CAT claim. That claim, consequently, has been waived. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 n.2 (3d Cir. 2001) (en banc).

prior to her hearing before the IJ, however, Parfenova submitted, among other things, an affidavit in which she (1) detailed additional acts of persecution that she had not previously mentioned and (2) explained that she was also persecuted by Azerbaijani authorities on account of her membership in a political organization that sought to quell the conflict between Russians and Azerbaijanis.

At the hearing, Parfenova testified that her later affidavit accurately and completely told her entire story. To that end, she sought to explain why she failed to raise all of her arguments from the start. She testified that the Armenian friend who had prepared her I-589 for her advised her not to claim that she had been ever arrested because "they don't like it when you're being apprehended by police" and that she did not need to explain her participation in a political group because she was not "officially registered" in any such group. (J.A. 110.) Parfenova did not, however, offer her friend as a witness, nor did she offer any other evidence that substantiated her claim that the friend had advised her not to include these claims in her application.

The IJ denied Parfenova relief primarily because she believed that Parfenova's last-minute claims undercut the reliability of her testimony and her application generally. The IJ's decision is supported by substantial evidence. The differences between the claims Parfenova made in her original application and those she made in her later affidavit, differences that were material, served as a reasonable basis for the IJ to doubt the veracity of those claims and Parfenova's credibility generally. Indeed, we have

4

recognized that it is reasonable for an IJ to make an adverse credibility determination where a petitioner, at some later stage of the proceedings, alters the claims he or she originally made in an asylum application and then attempts to explain the earlier omissions by resting responsibility for the contents of the application on the person who prepared it. *Xie v. Ashcroft*, 359 F.3d 239, 245 (3d Cir. 2004) (denying petition where substantial evidence supported IJ's determination that he would "not buy into an individual trying to put blame on either an attorney or a travel agency or anyone else in the completion of the I-589 as a scapegoat to avoid being found incredible because of contradictions and a conflict between the testimony given and the documentary evidence presented"). In sum, this is not a case in which a reasonable factfinder would be compelled to conclude that Parfenova's claims were credible and that relief should have been granted. *See Myat Thu*, 510 F.3d at 412.

## IV.

We will deny the petition for review.